IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV477-01-MU

DAVID E. SIMPSON,            )
                             )
          Plaintiff,         )
                             )
     v.                      )
                             )        **O R D E R**
STARLING POLICE DEP'T, et. al., )
                             )
          Defendants.        )
_____)

**THIS MATTER** comes before the Court upon initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 5, 2007.

Plaintiff names the Union County Jail as a defendant in his Complaint. A county jail is not a proper party to a § 1983 claim. Moreover, to the extent Plaintiff is attempting to sue the County he must allege that his injury was caused by the execution of a municipal custom or policy. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff does not allege that he was beaten, mistreated or denied proper medical care pursuant to a custom or policy. Consequently, the Union County Jail is dismissed from this case.

Plaintiff also names the Starling Police Department as a defendant. Rule 17(b) of the Federal Rules of Civil Procedure states that a party's (other than an individual or corporation) capacity to be sued is determined by the law of the state in which the District Court is held. Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. See McPherson v. Bank, 240 N.C. 1 (1954). In North Carolina, there is no statute authorizing suit against a police

department. The North Carolina Court of Appeals has held that a police department is a "component part[] of defendant City . . . and as such lacks] the capacity to be sued. Jones v. City of Greensboro, 51 N.C. App. 571, 593 (1981).

In addition, numerous courts have held that a municipal department, such as a police department, lacks a legal identity apart from that of the city and as such is not a suable entity. See, e.g., Martinez v. Winner, 771 F.2d 424, 444(10th Cir. 1985)(dismissing Denver Police Department on grounds that it was not "a separate suable entity" from the City of Denver);Post v. City of Fort Lauderdale, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990)(dismissing police department from case because not proper defendant); Shelby v. City of Atlanta, 578 F. Supp. 1368 (N.D. Ga. 1984)(dismissing city police department as party because it is not an entity subject to suit); Missouri Ex. Rel. Gore v. Wochner, 475 F. Supp. 274, 280 (E.D. Mo. 1979)(dismissing city personnel department because department was not a proper defendant), aff'd, 620 F.2d 183 (8th Cir.), cert. denied, 449 U.S. 875 (1980). Consequently, Defendant Police Department of Starling is also dismissed from this action.

As a result of the dismissal of the Union County Jail and the Starling Police Department, the only remaining defendants in this case are an unnamed Starling Police Department officer and unnamed Union County Jail officers who were involved in the incidents that form the basis of Plaintiff's Complaint. Consequently, this Court will order the Union County Sheriff to provide the Court and Plaintiff with the identity of the arresting officers on July 22, 2007. In addition, the Court orders the Union County Sheriff to provide this Court and Plaintiff with the identities of the individuals involved in the alleged macing and kicking incident at Union County Jail described by Plaintiff in his Complaint. Upon receipt of this information, Plaintiff must inform the Court which

individuals he wishes to name as defendants and he must state clearly the actions attributable to each individual.

**THE COURT HEREBY ORDERS** that:

1. Defendants Union County Jail and Starling Police Department are **DISMISSED** from this matter;

2. Within twenty (20) days of the filing of this Order, the Union County Sheriff's Office shall provide the Court and the Plaintiff with the identity of the officers who were involved in Plaintiff's arrest on July 22, 2007;

3. Within twenty (20) days of the filing of this Order, the Union County Sheriff's Office shall provide the Court and the Plaintiff with the identity of the individuals involved in the macing/kicking incident described by Plaintiff in his Complaint; and

4. Within fifteen(15) days of receiving the above-referenced identities from the Union County Sheriff, Plaintiff must inform the Court which individuals he wishes to name as defendants and he must state clearly the actions attributable to each individual. Plaintiff is cautioned that a failure to comply with this directive will result in the dismissal of his case.

Signed: April 22, 2008

Graham C. Mullen
United States District Judge