# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv477-RJC-DCK

| | |
|---|---|
| DAVID EZELL SIMPSON,    )<br>                                                                )<br>           Plaintiff,                         )<br>                                                                )<br>           v.                                    )<br>                                                                )<br>STALLINGS POLICE DEPARTMENT, )<br>et al.,                                              )<br>                                                                )<br>           Defendants.                    )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the motion for summary judgment by Defendants Hedlund, Michael, Secrest, and Dennis (Doc. No. 39); the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 62); and the Plaintiff's motion for voluntary dismissal of his Complaint without prejudice (Doc. No. 63). The matter is ripe for determination.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not

required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

**III. DISCUSSION**

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The parties received a copy of the M&R informing them of the 14-day objection deadline. (Doc. No. 62 at 11). Neither the Plaintiff nor the Defendants filed any objections during the time period reserved for them, so this Court reviews the M&R for clear error.[1] After a careful review of the record in this case, the Court finds that the Magistrate Judge's Recommendation is consistent with and supported by the law. Thus, the M&R is hereby adopted as the final decision of this Court for all purposes in this case, and the Court will grant the motion for summary judgment filed by Defendants Hedlund, Michael, Secrest, and Dennis.

As to the remaining defendant, Seargeant Michael Kane, he does not oppose the plaintiff's motion for voluntary dismissal. The Court will therefore dismiss the Complaint as to Defendant Kane without prejudice.

---

[1] After the Magistrate Judge recommended granting the Defendants' motion for summary judgment, the Plaintiff filed a motion to voluntarily dismiss his Complaint without prejudice. In the Plaintiff's motion for voluntary dismissal, he does state generally that he "object[s] to this Memorandum and Recommendation for Summary Judgment to these Defendants in this case." (Doc. No. 63 at 4). However, this general, conclusory objection does not point the Court to a specific error in the Magistrate Judge's recommendation, and it does not preclude clear-error review. See Orpiano, 687 F.2d at 47.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Hedlund, Michael, Secrest, and Dennis's motion for summary judgment (Doc. No. 39) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE** as to these four Defendants;

2. The Plaintiff's motion for voluntary dismissal of his Complaint without prejudice is **GRANTED** as to Defendant Kane, and the Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Kane; and

3. The Clerk of Court is directed to close this matter.

**SO ORDERED.**

Signed: January 3, 2011

Robert J. Conrad, Jr.
Chief United States District Judge